**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION**

| | |
|---|---|
| **BETTY OAKES and J. T. OAKES,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 3:15cv242-MHT |
| ) | (WO) |
| **UNITED HOME LIFE INSURANCE COMPANY, et al.,** ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Plaintiffs Betty Oakes and J.T. Oakes sued defendants United Home Life Insurance Company, Bankers Life and Casualty Company, and Daniel Burnett, asserting fraud and willful deceit, as well as negligent and wanton hiring, supervision, training, and monitoring. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1332 (diversity) and 1441 (removal).

This cause is before the court on (1) the Oakeses' motion for leave to file a <u>second</u> amended complaint and

(2) United Home's and Bankers Life's motions to dismiss the Oakeses' <u>first</u> amended complaint.  For the reasons that follow, the leave-to-amend motion will be granted, and the dismissal motions will be denied.

I.

<u>May 18, 2015</u>:  A uniform scheduling order was entered requiring, among other things, that amended pleadings must be filed by July 31.

<u>July 27</u>: The Oakeses filed a motion for leave to file their <u>first</u> amended complaint to add new counts against United Home and Bankers Life for negligent and wanton hiring, supervision, training, and monitoring.

<u>July 30</u>: After the court granted their leave-to-amend motion, the Oakeses filed their first amended complaint.

<u>August 11</u>:  United Home filed the now-pending motion to dismiss the Oakeses' new counts, contending that, in their first amended complaint, the Oakeses had not pleaded facts sufficient to state claims under <u>Bell</u>

2

Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009).

August 13: Bankers Life filed the now-pending motion to dismiss on the ground similar that asserted in United Home's dismissal motion.

That same day, the Oakeses filed the now-pending motion for leave to file a second amended complaint, which, if allowed, would set forth additional factual allegations in response to the Twombly and Iqbal contention asserted in United Home's and Bankers Life's dismissal motions.

II.

United Home and Bankers Life contend that the Oakeses' motion for leave to file a second amended complaint is untimely.

"Both Rules 15 and 16 of the Federal Rules of Civil Procedure facially guide the court's decision whether to allow an untimely amendment to the [pleadings]."

3

Nobles v. Rural Cmty. Ins. Servs., 303 F. Supp. 2d 1279, 1283 (M.D. Ala. 2004) (Thompson, J.).

Rule 15 states that, "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  However, when a party seeks leave to amend after the scheduling-order deadline, the court must also apply Rule 16, which states that, "A schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Rule 16's "good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'"  Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam) (quoting Fed. R. Civ. P. 16 advisory committee's note).

In this case, there is no question that the Oakeses' failure (with their motion for leave to file their second amended complaint) to meet the scheduling order's amended-pleadings deadline was not the result of lack of diligence.  United Home and Bankers Life did not raise (and, indeed, for all practical purposes,

4

probably could not have raised) their <u>Twombly</u> and <u>Iqbal</u> argument in opposition to the first amended complaint until after the time-to-amend-pleadings deadline had passed, and the Oakeses promptly sought to remedy the problem with a proposed second amended complaint. They filed their motion for leave to file a second amended complaint, which would allege new factual details, a mere <u>two days</u> after the <u>Twombly</u> and <u>Iqbal</u> argument was first raised by United Home, and <u>the same day</u> it was raised by Bankers Life. Furthermore, United Home and Bankers Life were aware of the new claims within the time period provided by the uniform scheduling order for amended pleadings. As such, they would not be unfairly prejudiced by the Oakeses' proposed second amendment. Therefore, because the Oakeses' failure to meet the scheduling-order deadline was not dilatory and because United Home and Bankers Life would not be unfairly prejudiced by the proposed second amendment, there is sufficient good cause for this court to modify

the scheduling order to allow the proposed second amendment after the deadline.

Next, because the Oakeses have met their Rule 16 good-cause burden, the court turns to the Rule 15 question: Does justice require that the proposed second amendment be allowed?  Based on representations made by the Oakeses during an on-the-record hearing on August 27, 2015, the court finds that the second amendment is warranted.  As the Oakeses explained, with their first amended complaint they added new claims, albeit close to the scheduling-order deadline, based on information that was newly discovered.  After United Home and Bankers Life moved to dismiss on the Twombly and Iqbal ground, the Oakeses promptly moved to amend their first amended complaint with factual details that would be responsive to United Home and Bankers Life's argument.  Because United Home and Bankers Life will not be unfairly prejudiced by the proposed second amendment and because amendment is likely necessary to allow pursuit of the new claims, the court finds that justice

requires that the Oakeses be allowed to continue to prosecute their new claims. Accordingly, the court will grant the Oakeses' motion for leave to file a second amended complaint under the Rule 15 standard.

Finally, because the Oakeses will be allowed to file their proposed second amended complaint and because this amendment is responsive to the <u>Twombly</u> and <u>Iqbal</u> contention raised in United Home's and Bankers Life's motions to dismiss, the dismissal motions will be denied as moot, albeit with leave to renew should United Home and Bankers Life believe that the to-be-filed second amended complaint is due to be dismissed as well.

* * *

Accordingly, it is ORDERED as follows:

(1) Plaintiffs Betty Oakes and J.T. Oakes's motion for leave to file second amended complaint (doc. no. 35) is granted.

(2) Defendant United Home Life Insurance Company's motion to dismiss (doc. no. 31) is denied with leave to renew.

(3) Defendant Bankers Life and Casualty Company's motion to dismiss (doc. no. 33) is denied with leave to renew.

DONE, this the 8th day of September, 2015.

    /s/ Myron H. Thompson
  **UNITED STATES DISTRICT JUDGE**